United States District Court
Southern District of Texas
**ENTERED**
June 25, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **FELIX OMAR RUBIO ALMENDARES,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 4:26-CV-04789** |
| | § | |
| **BRET BRADFORD,** *et al.*, | § | |
| | § | |
| **Respondents.** | § | |
| | § | |

## ORDER

On June 22, the Court granted Petitioner Felix Omar Rubio Almendares' Petition for Writ of Habeas Corpus (ECF No. 1) and ordered that Mr. Rubio Almendares be released from custody within 48 hours. ECF No. 6 at 4. The Court further ordered that the Government "may not subject [Mr. Rubio Almendares] to conditions of release beyond regular ICE check-ins without notice and a hearing at which the government bears the burden of showing why such conditions are necessary." *Id*.

On June 25, Respondents submitted an advisory informing the Court that Petitioner had been released from custody pursuant to the Court's order. ECF No. 7. However, the attached release documents indicate that Respondents imposed numerous conditions on Petitioner's release, including that Petitioner be subject to electronic monitoring and curfew, register in a sexual deviancy counseling program within fourteen days, register in a substance abuse program within fourteen days, and register as a sex offender "if applicable." ECF No. 7, Ex. 2 at 6. Indeed, every condition box on the Order of Release on Recognizance form and attached addendum is checked.

The imposition of these extensive conditions without a hearing before an Immigration Judge violates this Court's order. The conditions also appear to be unrelated to Petitioner's individual circumstances or risk profile. Petitioner has no criminal history and has never been accused of a crime—let alone a sex offense.

The Court therefore **ORDERS** that all conditions beyond standard check-ins with Immigrations and Customs Enforcement (ICE) and compliance with the law be **VACATED**, in accordance with this Court's previous order. Respondents are further **ORDERED** to submit an advisory on June 26, 2026, informing the Court as to why these conditions were opposed and when Respondents anticipate achieving full compliance with this Court's previous order.

**IT IS SO ORDERED.**

Signed at Houston, Texas on June 25, 2026.

Keith P. Ellison
United States District Judge